# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LAMONT HUNTER,**

        **Petitioner,**

  **v.**                **Case No.  1:15-cv-209**
                            **Judge Michael H. Watson**
                            **Magistrate Judge Elizabeth P. Deavers**

**WARDEN,**
**Chillicothe Correctional Institute,**

        **Respondent.**

## OPINION AND ORDER

Petitioner Lamont Hunter, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254.  This matter is before the Court for consideration of Hunter's Unopposed Motion to Stay Federal Habeas Corpus Proceedings and Hold Them in Abeyance and Authorize Habeas Counsel to File in State Court.  ECF No. 128. Both requests are well taken and **GRANTED**.

## I.   *Overview*

On September 29, 2020, the Court issued an Opinion and Order allowing discovery "to form a complete an accurate forensic opinion" as to the victim-child's cause of death, as well as the cause of other injuries that the victim presented at the hospital.  ECF No. 96, at PAGEID # 7135.  Upon completion of

that discovery, Hunter sought and obtained leave to amend his petition to add

new and/or bolstered claims of actual innocence; guilt-phase ineffective

assistance of counsel; the suppression of exculpatory evidence in violation of

*Brady v. Maryland*, 373 U.S. 83 (1963); the prosecution's creation of a false

impression in violation of *Napue v. Illinois*, 360 U.S. 264 (1959); and the

introduction of untrue testimony by a prosecution witness regarding the victim's

cause and manner of death and injuries.  ECF No. 129.  Hunter promptly filed his

Third Amended Petition on July 27, 2022.  ECF No. 130.

Because the amended petition now before the Court presents both

exhausted and unexhausted claims, Hunter asks this Court to stay these

proceedings and hold them in abeyance pending the completion of new state-

court litigation he plans to pursue.  ECF No. 128, at PAGEID # 7308.  Counsel

for the Respondent-Warden does not oppose Hunter's request.  *Id*. at PAGEID

# 7309.  Hunter additionally asks this Court to authorize his habeas counsel to

represent him in his forthcoming state-court proceedings and states that counsel

for the Warden also does not oppose this request.  *Id*. at PAGEID # 7314.

## II.  *Legal Standards*

State prisoners seeking habeas corpus relief must first exhaust all

remedies available in the state courts.  28 U.S.C. § 2254(b); *Picard v. Connor*,

404 U.S. 270, 275 (1971).  Exhaustion of state-court remedies requires

petitioners to "fairly present" each claim to the state courts in a manner that

2

affords the state courts the opportunity to remedy the alleged constitutional violation, which obliges a petitioner to present the same factual and legal basis for each claim to the state courts that the petitioner seeks to present to the federal habeas court. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). A claim is not exhausted if there remain available state-court remedies. 28 U.S.C. § 2254(b), (c). Failure to exhaust will be excused, and the claim denied, when it appears that the claim is plainly without merit and that it would be a waste of time and judicial resources to require exhaustion. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).

Federal district courts may not adjudicate a "mixed" habeas petition that presents both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). But district courts have the discretion to stay habeas corpus proceedings and hold them in abeyance to allow a petitioner with a mixed petition to return to state court to exhaust the unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). A *Rhines* stay-and-abeyance is warranted only when the unexhausted claims are not plainly meritless and the petitioner has shown good cause for the failure to exhaust the claims earlier. *Id.* at 277. Further, stay-and-abeyance is only available in limited circumstances and must be conditioned on time limits so as not to undermine Congress's intent to streamline habeas proceedings and encourage finality of state court judgments. *Id.* at 276-78. Stay-and-abeyance is thus inappropriate if a petitioner engages in abusive

3

litigation tactics or intentional delay.

### III. *Discussion*

#### A. *Stay-and-Abeyance*

Hunter asks the Court to stay these proceedings and hold them in abeyance while he litigates new and/or bolstered claims, discovered for the first time during these proceedings, in the state courts. Specifically, Hunter intends to file in the state trial court a motion for new trial pursuant to Ohio R. Crim. P. 33(B), and/or a successive postconviction action pursuant to Ohio Rev. Code § 2953.23. ECF No. 127, at PAGEID # 7270 (motion for new trial); ECF No. 128, at PAGEID # 7316 (successive postconviction petition).

The questions before the Court, in determining whether stay-and-abeyance is warranted under *Rhines*, are whether Hunter's unexhausted claims are plainly meritless, whether Hunter has shown good cause for his failure to exhaust these claims earlier, and whether there is any indication that Hunter is engaged in intentionally dilatory tactics. *Rhines*, 544 U.S. at 277. These questions are easily answered in favor of stay-and-abeyance.

Hunter's new claims are not plainly meritless. As Hunter asserts, and the Warden does not argue otherwise, "[i]n granting discovery, this Court has already acknowledged Hunter 'has demonstrated good cause for his discovery requests concerning injuries Trustin suffered in 2004, as well as the rectal injuries that Trustin exhibited in connection with his 2006 fatal injuries that formed the basis

4

for the State charging Petitioner with rape.'" ECF No. 128, at PAGEID # 7312 (quoting Opinion and Order, ECF No. 96, at PAGEID # 7128). And in finding good cause to allow Hunter to amend his petition, ECF No. 129, this Court necessarily found that Hunter's new claims were not plainly meritless. As Hunter convincingly posits, "the new evidence at issue in this case [] strongly supports Hunter's argument that he is innocent *and that no crime occurred*." ECF No. 128, at PAGEID # 7313 (emphasis added).

The Court further finds that there is good cause for Hunter's failure to exhaust his new and amended claims earlier. First, it was not until this Court granted him discovery that he was able to obtain the new facts and evidence underlying his unexhausted claims. Additionally, the state's alleged failure to disclose favorable evidence and alleged presentation of false or misleading testimony undermined Hunter's ability to exhaust his new claims earlier.

Finally, there is no evidence whatsoever that Hunter is, or has ever, engaged in intentionally dilatory tactics. And the Warden does not argue otherwise.

In view of the foregoing, the Court is satisfied that stay-and-abeyance is warranted. This case will be stayed and held in abeyance in the sense that no further action will be taken for the duration of Hunter's state-court litigation. But the Court intends to keep this case administratively open in order to facilitate any further requests for discovery, or other discovery management, that may become

necessary.

**B.**   ***Motion to Authorize Habeas Counsel***

Hunter also requests authorization for his federal habeas counsel to represent him in filing a motion for new trial and/or a petition for postconviction relief in state court to exhaust the unexhausted claims he added to his petition. ECF No. 128, at PAGEID # 7314.  Specifically, Hunter requests that his appointed habeas counsel, attorneys Erin Barnhart and Justin Thompson, be authorized to continue their representation of Hunter along with two other attorneys, Al Gerhardstein and Sarah Gelsomino, who have committed to representing Hunter in state court.  *Id.*  Hunter reasons that continuity of counsel is important here, both because of the time and effort habeas counsel have put into developing these new claims and to aid habeas counsel's ability to navigate the resumption of these proceedings should Hunter's case return to this Court.

Section 3599(a)(2) of Title 18 of the United States Code entitles those seeking habeas relief from a death sentence under § 2254 to the "appointment of one or more attorneys."  Subsection (e) defines the scope of appointed counsel's representation as follows:

> [E]ach attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in

6

such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

18 U.S.C. § 3599(e).

In *Harbison v. Bell*, the Supreme Court held that representation in state clemency proceedings is within the scope of representation authorized by § 3599(e) for counsel appointed in accordance with § 3599(a)(2). 556 U.S. 180, 185-86 (2009). Although the Court found that the plain language of the statutory text does not limit appointed counsel's representation to only federal proceedings, the Court also emphasized that the scope of authorization is confined to "subsequent stage[s] of available judicial proceedings." *Id*. at 189-90. Because state postconviction proceedings typically precede federal habeas proceedings, they are not encompassed within the statute's provision for any "subsequent stage" of "available post-conviction process." The fact that state postconviction litigation *can* follow federal habeas when a petitioner pursues it to exhaust unexhausted claims is *not* enough to transform state postconviction into a stage "subsequent" to habeas. *Id*. at 190. But the Court identified an exception to that principle: exhaustion of a previously unexhausted habeas claim, where deemed appropriate by the district court, would be covered by the catch-all provision for representation in "other appropriate motions and procedures." *Id*. at 190 n. 7.

The Sixth Circuit has construed *Harbison* to hold that § 3599 applies to

7

state proceedings only when adequate representation is not otherwise available. *Irick v. Bell*, 636 F.3d 289, 291 (6th Cir. 2009) (denying federally funded attorney to reopen state postconviction proceedings because state law already affords the petitioner adequate representation for that litigation); *see also Hill v. Mitchell*, Case No. 1:98-cv-452, 2009 WL 2898812, at *5 (S.D. Ohio Sep. 4, 2009) (denying use of federal habeas counsel for state *Atkins* hearing because state law already provides for appointed counsel in *Atkins* hearings). The Sixth Circuit has also found representation by federal habeas counsel in state postconviction proceedings inappropriate when the federal habeas proceedings have concluded or the claims to be raised in state court are not reviewable in habeas corpus. *See Hand v. Houk*, 826 F. App'x 503, 507-08 (6th Cir. 2020) (not permitting federally funded attorney to reopen exhausted claim in state court after federal habeas proceedings have concluded); *see also Lindsey v. Jenkins*, Case No. 1:03-cv-702, 2017 WL 4277201, at *2 (S.D. Ohio Sep. 26, 2017) (rejecting federally funded counsel ability to exhaust *Hurst* claim in state court when the motion to amend the habeas petition to add the *Hurst* claim was denied). The district court in *Lindsey* explained:

> [A] federal court may "exercise its discretion in appointing federal habeas counsel to represent their client in state postconviction proceedings when the state petition raises issues that are or will be pleaded in a habeas petition so long as those issues are cognizable in habeas corpus and have not been previously submitted to the state court, unless the state court itself provides for representation."

8

*Lindsey*, 2017 WL 4277201, at *2 (quoting *Conway v. Houk*, Case No. 3:07-cv-345 (S.D. Ohio July 8, 2015) (ECF No. 219, at PAGEID # 15605)).

The foregoing establishes that, in the Sixth Circuit, continued representation by appointed habeas counsel in state court is appropriate in cases both where a *Rhines* stay-and-abeyance is warranted to allow the exhaustion of unexhausted habeas claims and where state law does not provide for appointment of counsel.  *See, e.g., Conway v. Houk*, 2013 WL 6170601, at *3; *Gapen v. Bobby*, Case No. 3:08-cv-280, 2013 WL 5539557, at *4-5 (S.D. Ohio Oct. 8, 2013).  Those circumstances are present here.

The Court has already determined that Hunter satisfies the requirements for stay-and-abeyance to exhaust new claims.  The Court has yet to adjudicate his habeas corpus petition, and the litigation he intends to initiate in the state trial court directly implicates this Court's ability to review his first, second, fourteenth, twenty-second, and twenty-third claims for relief.  Further, state law does not appear to provide for the appointment of counsel for the pursuit of a motion for new trial or a successive postconviction petition.  *See, e.g., Gapen*, 2013 WL 5539557, at *4-5 (finding no entitlement under Ohio for appointment of counsel to pursue motion for new trial); *Conway*, 2013 WL 6170601, at *3 (acknowledging statutory right to counsel for initial, timely postconviction petition).  Accordingly, Hunter's request to authorize habeas counsel to represent him in state court is well taken.

**IV.** *Conclusion*

For the foregoing reasons, Hunter's Unopposed Motion to Stay and to Authorize Habeas Counsel, ECF No. 128, is **GRANTED.**

Hunter has 90 days from the date of this order to file his motion for new trial or successive postconviction petition in the state trial court. Through the duration of the litigation, Hunter shall file with this Court quarterly status reports detailing the progression of the litigation. Should Hunter be denied relief in the state courts, Hunter shall have 30 days from the latest decision by the Supreme Court of Ohio denying him relief to seek reinstatement of this case to the Court's active docket.

The Clerk is **DIRECTED NOT** to enter the "stay flag" on the docket, as this case is to remain open to facilitate any further discovery requests or other discovery management that may become necessary.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**